Ryan Lee, Esq. (SBN 024846)
Krohn & Moss, Ltd.
10635 Santa Monica Blvd. STE 170
Los Angeles, CA  90025
T: (323) 988-2400; F: (866) 802-0021
rlee@consumerlawcenter.com
Attorney for Plaintiff
SUSAN LAMS

**IN THE UNITED STATES DISTRICT COURT,
DISTRICT OF ARIZONA**

| | |
|---|---|
| SUSAN LAMS, <br><br> Plaintiff, <br><br> vs. <br><br> CLIENTSERVICES, INC. <br><br> Defendant. | Case No.: <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> **(Unlawful Debt Collection Practices)** |

# **COMPLAINT**

SUSAN LAMS (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against CLIENT SERVICES, INC. (Defendant):

## **INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).  According to the FDCPA, the United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the FDCPA to

- 1 -

COMPLAINT

eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *15 U.S.C. 1692(a) – (e)*.

2. Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy" and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

5. Because Defendant maintains a business office and conducts business in the state of California, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

8. Plaintiff is a natural person who resides in the city of Gilbert, Maricopa County, Arizona and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

9. Defendant is a national company with its headquarters in St. Charles, St. Charles County, Missouri.

COMPLAINT

10. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places calls to Plaintiff seeking and demanding payment for an alleged consumer debt.

12. Defendant places constant and continuous collection calls to Plaintiff from the number (636) 947-2321 while seeking and demanding payment for an alleged consumer debt.

13. Defendant places constant and continuous collection calls to Plaintiff at the number (602) 577-2632 seeking and demanding payment for an alleged consumer debt.

14. Defendant threatened to file a lawsuit against Plaintiff while seeking and demanding payment for an alleged consumer debt. To date no lawsuit has been filed.

15. Defendant represented themselves out to be a lawyer when seeking and demanding payment for an alleged consumer debt. Defendant nor its agents are lawyers.

16. Defendant disclosed the nature and existence of the alleged consumer debt to Plaintiff's brother while seeking and demanding payment.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

17. Defendant violated the FDCPA based on the following:

    a. Defendant Violated *§1692b(1)* of the FDCPA by contacting a third party and failing to properly identify themselves.

    b. Defendant Violated *§1692b(2)* of the FDCPA by contacting a third party and disclosing that Plaintiff owes a debt.

    c. Defendant Violated *§1692b(3)* of the FDCPA by contacting a third party more

- 3 -

than once.

d. Defendant Violated §1692c(b) of the FDCPA by communicating with someone other than the consumer concerning the alleged debt.

e. Defendant Violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff.

f. Defendant Violated §1692d(5) of the FDCPA by causing a telephone to ring and engaging Plaintiff repeatedly and continuously with the intent to annoy, abuse, and harass.

g. Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of callers identity.

h. Defendant violated §1692e(2) of the FDCPA by misrepresenting the legal status of the alleged consumer debt.

i. Defendant violated §1692e(3) of the FDCPA by representing that an individual is an attorney or that a communication is from an attorney while seeking and demanding payment for an alleged consumer debt.

j. Defendant violated §1692e(5) of the FDCPA by threatening to take action that is not intended to be taken.

k. Defendant violated §1692e(10) of the FDCPA by engaging in deceptive means to collect a debt or obtain information about a consumer.

l. Defendant violated §1692f of the FDCPA by engaging in unfair practices and unconscionable means to collect or attempt to collect an alleged debt.

18. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit "A").

WHEREFORE, Plaintiff, SUSAN LAMS, respectfully requests judgment be entered against Defendant, CLIENT SERVICES, INC. for the following:

COMPLAINT

19. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

20. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

21. Actual damages,

22. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

23. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, SUSAN LAMS, demands a jury trial in this cause of action.

RESPECTFULLY SUBMITTED,

DATED: April 29, 2009          KROHN & MOSS, LTD.


By: /s/ Ryan Lee
Ryan Lee

Attorney for Plaintiff

STATE OF ARIZONA

Plaintiff, SUSAN LAMS, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, SUSAN LAMS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 4/28/2009

_____
SUSAN LAMS

- 6 -

COMPLAINT

# **EXHIBIT A**

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — **YES** NO
2. Fear of answering the telephone — **YES** NO
3. Nervousness — **YES** NO
4. Fear of answering the door — YES **NO**
5. Embarrassment when speaking with family or friends — **YES** NO
6. Depressions (sad, anxious, or "empty" moods) — **YES** NO
7. Chest pains — **YES** NO
8. Feelings of hopelessness, pessimism — **YES** NO
9. Feelings of guilt, worthlessness, helplessness — **YES** NO
10. Appetite and/or weight loss or overeating and weight gain — **YES** NO
11. Thoughts of death, suicide or suicide attempts — YES **NO**
12. Restlessness or irritability — **YES** NO
13. Headache, nausea, chronic pain or fatigue — **YES** NO
14. Negative impact on my job — **YES** NO
15. Negative impact on my relationships — **YES** NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: I have had many emergencies that occurred during the time of these constant calls, which led me to miss real important calls like family health updates, funeral information, etc because I was afraid to answer my phone. This caused lots of grief and extreme stress.

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 4/28/2009

_____
Signed Name

_____
Susan Lams
Printed Name